UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>MORNINGVIEW FINANCIAL, LLC and MILES M. RICCIO,<br><br>Defendants, and<br><br>JOSEPH M. RICCIO, JR.<br><br>Relief Defendant. | 1:22-cv-08142-VM |

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/23/2024
```

**FINAL JUDGMENT AS TO DEFENDANT MORNINGVIEW FINANCIAL, LLC**

The Securities and Exchange Commission having filed a Complaint and Defendant Morningview Financial, LLC having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from directly or indirectly making use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) while engaged in and pursuant to

the regular business of buying and selling securities (not including security-based swaps, other than security-based swaps with or for persons that are not eligible contract participants) for its own account through a broker or otherwise unless Defendant is registered as a broker-dealer with the U.S. Securities and Exchange Commission, or unless it is associated with a broker-dealer that was so registered.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's members, managing members, officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, for a period of five years from the date of entry of this Final Judgment, Defendant is barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock, pursuant to Exchange Act Section 21(d)(6) [15 U.S.C. § 78u(d)(6)]. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $1,157,499 jointly and severally with Defendant Miles M. Riccio and $2,459,686 jointly and severally with Relief Defendant Joseph M. Riccio, Jr., representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment

interest thereon in the amount of $250,400 jointly and severally with Defendant Miles M. Riccio and $532,100 jointly and severally with Relief Defendant Joseph M. Riccio, Jr., and a civil penalty in the amount of $500,000 pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendant shall satisfy this obligation by paying $4,899,685 to the Securities and Exchange Commission within 30 days after entry of this Final Judgment. Defendant's liability for payment of certain of these amounts shall be joint and several as noted with either Defendant Miles M. Riccio or Relief Defendant Joseph M. Riccio, Jr. upon the entry of separate final judgments against them in this action. Every $1 paid by Defendant toward this payment obligation shall reduce the joint and several liability of either Defendant Miles M. Riccio or Relief Defendant Joseph M. Riccio, Jr. by $1; and, every $1 paid by either Defendant Miles M. Riccio or Relief Defendant Joseph M. Riccio, Jr. toward this joint and several obligation (as reflected in the final judgments separately entered against each of them) shall reduce Defendant's payment obligation by $1.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Morningview Financial, LLC as a defendant in this action; and specifying that

payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders issued in this action. Defendant shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the

civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that it is entitled to, nor shall it further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment.  For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein, including, but not limited to, the following undertakings:

    a)    Within thirty (30) days after entry of Final Judgment, Defendant shall surrender for cancellation all rights to all shares of common stock associated with the issuers identified in Appendix A;

    b)    Within thirty (30) days after entry of Final Judgment, Defendant shall surrender its conversion rights under all remaining convertible notes associated with the issuers identified in Appendix B; and

      c)      Within thirty (30) days after entry of Final Judgment, Defendant shall surrender for cancellation and retirement all remaining warrants associated with the issuers identified in Appendix C.

Defendant shall certify, in writing, compliance with the undertakings set forth above. The certification shall identify the undertakings, provide written evidence of compliance in the form of a narrative, and support the narrative with exhibits evidencing the surrender for cancellation of shares identified in Appendix A, the surrender of conversion rights on the convertible notes identified in Appendix B, and the surrender for cancellation and retirement of all warrants identified in Appendix C. The Commission staff may make reasonable requests for further evidence of compliance, and Defendant agrees to provide such evidence. Defendant shall submit the certification and supporting material to Kingdon Kase, Assistant Director, One Penn Center, 1617 John F. Kennedy Boulevard, Suite 520, Philadelphia, PA 19103, KaseK@sec.gov, with a copy to the Office of Chief Counsel of the Enforcement Division, no later than sixty (60) days from the date of the completion of the undertakings.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: December 23, 2024
       New York, New York

_____
VICTOR MARRERO
U.S.D.J.

## APPENDIX A
### Shares to be Surrendered for Cancellation

| Symbol | Issuer Name |
|---|---|
| ADGO | Advantego Corp. |
| CELZ | Creative Medical Technology Holdings Inc. |
| XSPT | XSport Global Inc. |

# APPENDIX B
## Notes to which Defendants Shall Surrender Conversion Rights

| Symbol | Issuer Name | Funding Date of Note(s) |
|---|---|---|
| AMAZ | Amazing Energy Oil & Gas Co. | 9/11/2019 |
| BOXS | BoxScore Brands, Inc. | 11/1/2018 |
| BRTI | BlackRidge Technology International | 12/11/2019 |
| EWLL | eWellness Healthcare Corp. | 10/8/2019 |
| IRNC | Ironclad Encryption Corporation | 4/24/2019 |
| KPAY | KinerjaPay Corp. | 10/4/2019 |
| MJTK | Cannasys, Inc. | 1/5/2018 |
| OPVS | Nanoflex Power Corp. | 10/30/2019; 2/27/2020 |
| PLYZ | Plyzer Technologies Inc. | 2/6/2020 |
| TURV | Two Rivers Water & Farming Co. | 5/24/2019 |
| XSPT | XSport Global Inc. | 12/19/2018 |

# APPENDIX C
## Warrants to be Surrendered for Cancellation and Retirement

| Symbol | Issuer Name | Funding Date of Warrants |
|---|---|---|
| TLSS | Transportation and Logistics Systems | 8/5/2021; 12/31/2021 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>MORNINGVIEW FINANCIAL, LLC and MILES M. RICCIO,<br><br>Defendants, and<br><br>JOSEPH M. RICCIO, JR.<br><br>Relief Defendant. | 1:22-cv-08142-VM |

### CONSENT OF DEFENDANT MORNINGVIEW FINANCIAL, LLC

1. Defendant Morningview Financial, LLC ("Defendant") acknowledges having been served with the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2. Without admitting or denying the allegations of the complaint (except as provided herein in paragraph 13 and except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

   a. permanently restrains and enjoins Defendant from violation of Section 15(a)(1) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78o(a)(1)];

      b.    for a period of five years from the date of entry of Final Judgment, bars Defendant from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock, pursuant to Exchange Act Section 21(d)(6) [15 U.S.C. § 78u(d)(6)];

      c.    orders Defendant to pay: (i) disgorgement in the amount of $1,157,499, plus prejudgment interest thereon in the amount of $250,400, which shall be a joint and several obligation with Defendant Miles M. Riccio upon the entry of a separate final judgment against him in this action, and (ii) disgorgement in the amount of $2,459,686, plus prejudgment interest thereon in the amount of $532,100, which shall be a joint and several obligation with Relief Defendant Joseph M. Riccio, Jr. upon the entry of a separate final judgment against him in this action; and

      d.    orders Defendant to pay a civil penalty in the amount of $500,000 under Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

3.    Defendant acknowledges that the civil penalty paid pursuant to the Final Judgment may be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, the civil penalty shall be treated as a penalty paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant agrees that it shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that it is entitled to,

2

nor shall it further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant agrees that it shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this action. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

4. Defendant agrees that it shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant further agrees that it shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

5. Defendant undertakes to:

    a. Within thirty (30) days after entry of Final Judgment, Defendant shall surrender for cancellation all rights to all shares of common stock associated with the issuers identified in Appendix A;

  b. Within thirty (30) days after entry of Final Judgment, Defendant shall surrender its conversion rights under all remaining convertible notes associated with the issuers identified in Appendix B; and

  c. Within thirty (30) days after entry of Final Judgment, Defendant shall surrender for cancellation and retirement all remaining warrants associated with the issuers identified in Appendix C.

Defendant shall certify, in writing, compliance with the undertakings set forth above. The certification shall identify the undertakings, provide written evidence of compliance in the form of a narrative, and support the narrative with exhibits evidencing the surrender for cancellation of shares identified in Appendix A, the surrender of conversion rights on the convertible notes identified in Appendix B, and the surrender for cancellation and retirement of all warrants identified in Appendix C. The Commission staff may make reasonable requests for further evidence of compliance, and Defendant agrees to provide such evidence. Defendant shall submit the certification and supporting material to Kingdon Kase, Assistant Director, One Penn Center, 1617 John F. Kennedy Boulevard, Suite 520, Philadelphia, PA 19103, KaseK@sec.gov, with a copy to the Office of Chief Counsel of the Enforcement Division, no later than sixty (60) days from the date of the completion of the undertakings.

6. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

7. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

8. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any

member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

9. Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

10. Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

11. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

12. Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a

member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that it shall not be permitted to contest the factual allegations of the complaint in this action.

13.     Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant does not deny the allegations; and (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

14. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

15. Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

16. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 11/21/24

Morningview Financial, LLC

By: _____
Miles M. Riccio
Managing Member

On _____, 2024, _____, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of Morningview Financial, LLP as its Managing Member.

SEE ATTACHMENT FOR NOTARY PUBLIC
_____
Notary Public
Commission expires:

Approved as to form:

_____
Mark David Hunter, Esquire
Hunter Taubman Fischer & Li LLC
848 Brickell Avenue, Suite 200
Miami, Florida 33131
Tel: (305) 629-1180

Attorney for Defendant

7

# APPENDIX A
## Shares to be Surrendered for Cancellation

| Symbol | Issuer Name |
|---|---|
| ADGO | Advantego Corp. |
| CELZ | Creative Medical Technology Holdings Inc. |
| XSPT | XSport Global Inc. |

# APPENDIX B
## Notes to which Defendants Shall Surrender Conversion Rights

| Symbol | Issuer Name | Funding Date of Note(s) |
|---|---|---|
| AMAZ | Amazing Energy Oil & Gas Co. | 9/11/2019 |
| BOXS | BoxScore Brands, Inc. | 11/1/2018 |
| BRTI | BlackRidge Technology International | 12/11/2019 |
| EWLL | eWellness Healthcare Corp. | 10/8/2019 |
| IRNC | Ironclad Encryption Corporation | 4/24/2019 |
| KPAY | KinerjaPay Corp. | 10/4/2019 |
| MJTK | Cannasys, Inc. | 1/5/2018 |
| OPVS | Nanoflex Power Corp. | 10/30/2019; 2/27/2020 |
| PLYZ | Plyzer Technologies Inc. | 2/6/2020 |
| TURV | Two Rivers Water & Farming Co. | 5/24/2019 |
| XSPT | XSport Global Inc. | 12/19/2018 |

# APPENDIX C
## Warrants to be Surrendered for Cancellation and Retirement

| Symbol | Issuer Name | Funding Date of Warrants |
|---|---|---|
| TLSS | Transportation and Logistics Systems | 8/5/2021; 12/31/2021 |

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**  CIVIL CODE § 1189

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California  )
County of  Los Angeles  )

On 11/21/2024 before me, Yangsoon Rhee, Notary public,
     Date                              Here Insert Name and Title of the Officer
personally appeared  Miles M. Riccio
                                    Name(s) of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

[Notary Seal: YANGSOON RHEE, Notary Public - California, Los Angeles County, Commission # 2432759, My Comm. Expires Jan 23, 2027]

Signature _____
           Signature of Notary Public

Place Notary Seal Above

——————— OPTIONAL ———————

Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.

**Description of Attached Document**
Title or Type of Document: _____ Document Date: _____
Number of Pages: _____ Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Individual    ☐ Attorney in Fact
☐ Trustee    ☐ Guardian or Conservator
☐ Other: _____
Signer Is Representing: _____

Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Individual    ☐ Attorney in Fact
☐ Trustee    ☐ Guardian or Conservator
☐ Other: _____
Signer Is Representing: _____

©2014 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)   Item #5907